IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                          **Case No. 11-40033-01-RDR**

WILLIAM JOSEPH WILLOX,

           Defendant.

**O R D E R**

This matter is presently before the court upon defendant's motion in limine regarding statements. The defendant seeks an order of the court preventing the government from introducing evidence at trial of statements allegedly made by him until the government has first proven the crime alleged in the indictment and that the defendant committed the alleged crime. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

The defendant is charged with intentionally and maliciously damaging and destroying and attempting to damage and destroy, by means of fire and an explosive, a building and other real and personal property, namely Griffith Lumber Company in Manhattan, Kansas, in violation of 18 U.S.C. § 844(i). The trial of this matter is scheduled to begin on August 9, 2011.

Relying on several Supreme Court cases, the defendant argues that the court should preclude the government introducing his

admissions and confessions until it has proven that the fire at Griffith Lumber Company was arson and that the defendant committed the arson. In response, the government asserts that the defendant's argument lacks merit. It points out that it fully understands the accepted doctrine that an accused may not be convicted solely on the basis of his own uncorroborated confession. However, it suggests that it need only produce independent evidence which would tend to establish the trustworthiness of the confessions or admissions. The government contends there is no case law requiring that it not discuss the confession at trial until the arson is established.

The law is settled that "a conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused." Wong Sun v. United States, 371 U.S. 471, 488-89 (1963). However, "[w]here the crime involves physical damage to person or property, the prosecution must [only] show that the injury for which the accused confesses responsibility did in fact occur, and that some person was criminally culpable. . . . There need in such a case be no link, outside the confession, between the injury and the accused who admits having inflicted it." Id. at 489-90 n. 15 (citations omitted).

The court finds no support for the defendant's position that the government must not refer to the alleged confessions of the defendant at trial until the arson is proven. Moreover, the court

notes that the defendant has failed to offer any support for this position.  Based upon the response to the instant motion, the court believes that the government understands its burden in this case.  The government will be required to present evidence establishing the trustworthiness of the extrajudicial confessions.  See, e.g., United States v. Wiseman, 172 F.3d 1196, 1213 (10th Cir.), cert. denied, 528 U.S. 889 (1999) (affirming convictions in Hobbs Act case involving grocery store robberies although store employees in two of the robberies could not identify the accused who confessed to the robberies); United States v. Treas-Wilson, 3 F.3d 1406, 1409 (10th Cir. 1993), cert. denied, 510 U.S. 1064 (1994) (dead body and manner of death establish the trustworthiness of defendant's confessions).  This means that the government need only produce evidence that (1) the alleged arson did occur; and (2) that some person was criminally culpable.  The court will allow the government to present its case in the manner that it sees fit.  To the extent that the government is unable to properly corroborate the confessions, the defendant can raise that issue at the conclusion of the government's case-in-chief in a motion for judgment of acquittal under Fed.R.Crim.P. 29.  Thus, the defendant's motion shall be denied.

**IT IS SO ORDERED.**

Dated this 31st day of July, 2011 at Topeka, Kansas.

s/Richard D. Rogers

United States District Judge