IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                             **Case No. 11-40033-01-RDR**

WILLIAM JOSEPH WILLOX,

        Defendant.

### O R D E R

This matter is presently before the court upon the defendant's motion in limine.  The defendant seeks an order of the court precluding the government from introducing evidence of, mentioning, or in any way alluding to the defendant's accident involving a Griffith Lumber Company vehicle, and the requirement that he would be required to submit to urinalysis testing as a result of the accident.  The defendant argues that this evidence is neither admissible as intrinsic evidence to the offense nor admissible as evidence under Fed.R.Evid. 404(b).

       Federal Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

       In weighing the admissibility of Rule 404(b) evidence, the court considers four factors:  (1) whether the evidence is offered for a proper purpose, (2) whether the evidence is relevant, (3)

whether the probative value of the evidence is substantially outweighed by its prejudicial effect, and (4) whether a limiting instruction is given if the defendant so requests. See Huddleston v. United States, 485 U.S. 681, 691 (1988); United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000). The standard for satisfying Rule 404(b) admissibility is permissive: "[I]f the other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403." United States v. Tan, 254 F.3d 1204, 1208 (10th Cir. 2001).

The difference between intrinsic evidence and Rule 404(b) evidence is explained by the Tenth Circuit in United States v. Parker, 553 F.3d 1309, 1314-15 (10th Cir. 2009) as follows:

> Rule 404(b) limits evidence of 'other' crimes, wrongs, or acts -- not the crime in question. Similarly, "[i]t is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged." United States v. O'Brien, 131 F.3d 1428, 1432 (10th Cir. 1997); see also United States v. Arney, 248 F.3d 984, 992 (10th Cir. 2001) (discussing Rule 404(b) as not applying to intrinsic evidence). Generally speaking, "[i]ntrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." Thomas M. DiBiagio, Intrinsic and Extrinsic Evidence in Federal Criminal Trials: Is the Admission of Collateral Other-Crimes Evidence Disconnected to the Fundamental Right to a Fair Trial, 47 Syracuse L.Rev. 1229, 1231 (1997). Because Rule 404(b) only limits evidence of 'other' crimes -- those extrinsic to the charged crime --

evidence of acts or events that are part of the crime itself, or evidence essential to the context of the crime, does not fall under the other crimes limitations of Rule 404(b).

The court is in agreement with the government that this evidence is admissible whether it is considered as intrinsic evidence or Rule 404(b) evidence.  Intrinsic evidence includes evidence essential to the context of the crime.  The court believes that the events that occurred just prior to the fire at the Griffith Lumber Company, including the defendant's accident and his subsequent urinalysis, are admissible as evidence providing context to the alleged crime.  Even if the court determined that these matters constituted Rule 404(b) evidence, we are persuaded that they would be admissible.  This evidence meets the <u>Huddleston</u> test as it can be used to show motive.  Moreover, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.  The court will, in an abundance of caution, provide a limiting instruction informing the jury that they should consider the evidence for no other purpose than for motive under Rule 404(b).

**IT IS THEREFORE ORDERED** that defendant's motion in limine regarding other acts (Doc. # 25) be hereby denied.

**IT IS SO ORDERED.**

Dated this 8th day of August, 2011 at Topeka, Kansas.

           s/Richard D. Rogers
           United States District Judge